**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Dennis Robert FREEMAN, Defendant-**
**Appellee.**

**No. 24468.**

United States Court of Appeals,
Ninth Circuit.

May 26, 1970.

Joseph M. Geden, (argued), Asst. U. S. Atty., Duane K. Craske, U. S. Atty., Benjamin H. Kelly, Asst. U. S. Atty., District of Guam, Agana, Guam, for appellant.

Stephen M. Okano, Honolulu, Hawaii, Trapp, Gayle & Benson of Agana, Guam, for appellee.

Before JERTBERG, BROWNING and HUFSTEDLER, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant, United States of America, appeals from an order of the district court suppressing the use in evidence against the defendant in any criminal proceedings of two marihuana plants which the defendant claimed had been wrongfully confiscated and seized.

This court's jurisdiction to hear this interlocutory appeal is based upon 18 U.S.C. § 3731 and 28 U.S.C. § 1294.

The evidence developed at the evidentiary hearing on the motion to suppress is not in dispute and may be summarized as follows:

Only one witness, Captain Henry Taitano of the Department of Public Safety of the Territory of Guam, testified at the hearing. He testified that an unidentified informer reported to a Guam policeman that a marihuana plant was located outside of the back door of Apartment 14, a second floor apartment occupied by the defendant; the building in which Apartment 14 was located contained sixteen apartments on two floors; access to the second floor was by stairways located at each end; each stairway provided access to both the rear and front walkway areas of the eight apartments located on the second floor; both the front and rear areas were open and surrounded by a common bannister; in order to go to the apartments located near the center of the building, it was necessary to pass in front or to the rear of those other apartments located nearer to the ends of the building; these walkways were open to all persons for the purpose of access to the apartments;

The witness, accompanied by a fellow officer, proceeded to the apartment house and arrived there about 7:00 o'clock in the morning for the purpose of investigating the information supplied by the informer; the officers did not have a search warrant or warrant of arrest; after parking the car, the two officers approached the apartment building from the rear; from the ground they observed the plants "right up against the wall"; the officers walked up the stairway at the end of the building to the second floor, down the walkway leading past the other apartments to the rear of defendant's apartment where they

observed the marihuana plants growing in a can, which was in plain view; the witness identified the plants as marihuana; the witness walked around the end of the apartments on the second floor to the front door of defendant's apartment and knocked on the door; the other officer remained at the back door; the front door was opened by defendant's wife, and the witness asked to speak to Mr. Freeman, who then came to the door;

The officer identified himself and stated the purpose of the visit was to talk to the defendant about the marihuana plants; the officer was invited into the apartment; the officer advised defendant "of his constitutional rights"; defendant stated that the plants were his, and he described them as a "weed"; the officer informed the defendant he would like to take the marihuana plants and would give the defendant a receipt, which he did; the officer made no arrest of the defendant but requested him to appear at Police Headquarters so that he could be questioned about the plants; and following the interview the officers departed with the marihuana plants.

The district court granted the motion to suppress on the ground that the location of the marihauna in relation to the defendant's apartment was a constitutionally protected area which could not be invaded without a properly issued search warrant.

We disagree.

"It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. Ker v. California, 374 U.S. 23, 42–43 [83 S.Ct. 1623, 1634, 1635, 10 L.Ed.2d 726] (1963); United States v. Lee, 274 U.S. 559 [47 S.Ct. 746, 71 L.Ed. 1202] (1927); Hester v. United States, 265 U.S. 57 [44 S.Ct. 445, 68 L.Ed. 898] (1924)."

Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

■■ Clearly, under the undisputed facts, the officer had a right to be in the position where he viewed the contraband in question. He arrived at such position for the legitimate purpose of verifying the information supplied by the informant. Access to the location was gained by means of unenclosed stairways obviously open for use by any person having a legitimate reason for doing so. While the facts in Davis v. United States, 327 F.2d 301 (9th Cir. 1964) are slightly different, the following observation of that court, at page 303, is pertinent in the instant case.

"Absent express orders from the person in possession against any possible trespass, there is no rule of private or public conduct which makes it illegal per se, or a condemned invasion of the person's right of privacy, for anyone openly and peaceably, at high noon, to walk up the steps and knock on the front door of any man's 'castle' with the honest intent of asking questions of the occupant thereof—whether the questioner be a pollster, a salesman, or an officer of the law."

Mere observation does not constitute search. Hence, no search warrant was required in the instant case.

Appellee relies on the contention that the back porch area where the marihuana plants were viewed by the officer was within his "curtilage" as a tenant, but has cited no authority which would include common stairways and common porches of a multi-tenanted apartment house as being within the "curtilage" of each tenant. As stated in United States v. Perkins, 286 F.Supp. 259, at page 263 (D.D.C., 1968):

"Such authority as there is points the other way.⁹

9. [United States v. Miguel] 340 F.2d [812] at 814. See United States v. Price, 345 F.2d 256, 259 n. 3, (2d Cir.), cert. denied, 382 U.S. 949, 86 S.Ct. 404, 15 L.Ed.2d 357 (1965)."

Moreover, as we said in Wattenburg v. United States, 388 F.2d 853, 858 (9th Cir. 1968), whether an inspection adjacent to a house is constitutionally forbidden "turn[s] upon the degree of privacy a resident is seeking to preserve as shown by the facts of the particular case, rather than upon a resort to the ancient concept of curtilage." Measured by that test, the circumstances of this case do not reflect a violation of appellee's Fourth Amendment rights.

The order of the district court is reversed and the cause remanded to the district court for further proceedings.