925 F.2d 1472
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sampson POLLARD, Jr., Defendant-Appellant.
 No. 89-50509.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1991.*
Decided Feb. 7, 1991.
 Before: ALARCON, WILLIAM A. NORRIS and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant appeals the district court's rulings finding probable cause to search the automobile in which narcotics and a gun were found, and admitting into evidence a computer-generated document introduced to contradict an element of appellant's argument. We affirm.
 
 
 3
 Appellant first challenges the district court's ruling that he did not have standing to contest the officers' entry onto the driveway of the apartment complex, from which the officers observed appellant's activities in a parking area of the complex. The district court based its ruling on the fact that appellant was neither a tenant nor the owner of the property. Transcript of May 8, 1989 Suppression Hearing ("May 8 Transcript") at 94. We review the district court's legal conclusion de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 4
 We agree that appellant lacked standing, but for different reasons than those articulated by the district court. We hold that appellant lacked standing because he could not have had a reasonable expectation of privacy in the common areas of the complex. See United States v. Fluker, 543 F.2d 709, 718 (9th Cir.1976) (lack of fencing or removal from public street of lawn on which officers stood is factor in affirming admissibility of evidence gained from observation of defendant's activities); United States v. Freeman, 426 F.2d 1351, 1353 (9th Cir.1970) (area outside door of defendant's apartment not constitutionally-protected area requiring warrant to effectuate search); see also 1 W. LaFave, Search and Seizure Sec. 2.3(e), at 407 (1987) ("It is not objectionable for an officer to come upon that part of [private] property which has 'been opened to public common use.' The route which any visitor to a residence would use is not private in the Fourth Amendment sense, and thus if police take that route 'for the purpose of making a general inquiry' or for some other legitimate reason, they are 'free to keep their eyes open'....") (footnotes omitted).
 
 
 5
 Our case fits squarely within the framework laid out in Fluker and Freeman, as there is no evidence that access to the driveway of the complex was in any way restricted, for example, by a key-card system or the presence of a security checkpoint at the entrance to the lot. In the absence of evidence of limited accessibility, we hold that appellant could not have a reasonable expectation of privacy in the driveway, and therefore did not have standing to challenge the officers' presence therein.
 
 
 6
 We also affirm the district court's finding that probable cause existed to justify the warrantless search of the automobile.[1] That court found that the officers did observe a gun in the car. May 8 Transcript at 107. This fact by itself validates the district court's finding of probable cause, since a state gun control law prohibits the carrying of a loaded firearm in a vehicle.
 
 
 7
 Finally, appellant challenges the district court's ruling allowing the introduction of a computer printout from the Pasadena Police Department, placing the arresting officers at the Parke Street address at 3:14 p.m. the afternoon of the arrest. Appellant argues that there is no foundation evidence establishing the methods by which records such as this were obtained and kept, as required by Federal Rule of Evidence 803(6), the "business records" exception to the rule against hearsay evidence.[2] The gist of his argument is that the evidence offered by the government, the testimony of Officer Peterson, did not suffice because Officer Peterson was not a "qualified witness" as the term is used in Rule 803(6). The court reviews for abuse of discretion a district court's decision to admit evidence pursuant to Rule 803(6). United States v. Miller, 771 F.2d 1219, 1237 (9th Cir.1985).
 
 
 8
 The district court did not abuse its discretion in admitting this evidence. Officer Peterson described in detail the record-preparation system used by the Pasadena Police Department. His familiarity with this system satisfies the rationale for Rule 803(6)'s foundation evidence requirement as we have interpreted it. See N.L.R.B. v. First Termite Control, 646 F.2d 424, 426-27 (9th Cir.1981) (supporting testimony requirement serves to "insure[ ] the presence of some individual at trial who can testify to the methods of keeping the information," to allow meaningful cross-examination); see also 4 J. Weinstein & M. Berger, Weinstein's Evidence p 803(6) at 803-178 ("The phrase 'other qualified witness' should be given the broadest interpretation; he need not be an employee of the entity [producing the records] so long as he understands the system.").
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Given this holding, we need not reach appellee's argument that appellant did not have standing to contest the search of the automobile. We are especially reluctant to reach this issue because appellee appears to have raised it for the first time on appeal
 
 
 [2]
 Rule 803(6) states, in relevant part, that the following type of evidence is not excludable as hearsay:
 A memorandum, report, record or data compilation ... of acts, events, conditions, opinions or diagnoses ... if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business entity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness
 * * *