UNITED STATES of America,
Plaintiff-Appellee,

v.

Emmett N. BISHOP,
Defendant-Appellant.

No. 75–1751.

United States Court of Appeals,
Fifth Circuit.

April 28, 1976.

Rehearing and Rehearing En Banc
Denied June 21, 1976.

See also, 5 Cir., 530 F.2d 1157.

D. F. Overdyke, III, Shreveport, La. (Court appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., D. H. Perkins, Jr., Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before AINSWORTH, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Defendant Bishop was convicted of armed robbery in violation of 18 U.S.C.A. § 2113(a) and (d). Bishop argues that the trial court erred in the following respects:

(1) Ruling that the arrest was properly made upon "close pursuit;"

(2) Failure to suppress evidence illegally obtained following defendant's wrongful arrest;

(3) Allowing introduction of evidence illegally obtained following defendant's wrongful arrest;

(4) Failure to declare a mistrial after identification testimony alleged to be tainted.

Finding no reversible error, we affirm.

The first three issues turn on whether or not the arrest of Bishop by a Shreve-

port, Louisiana officer in Bossier City, Louisiana was legal. If the arrest was illegal under state law then the fruits from such arrest may not be used at trial against the defendant. *Ward v. Texas*, 316 U.S. 547, 62 S.Ct. 1139, 86 L.Ed. 1663 (1942); *Davis v. United States*, 409 F.2d 1095 (5th Cir. 1969).

On September 30, 1974 the Pierremont Branch of the Commercial National Bank of Shreveport was robbed. Unknown to the bandits, bank officials had hidden a small transmitter in a packet of specially marked "bait money" given to them. A Shreveport police vehicle was equipped with a small tracking device to monitor signals from the transmitter in the money. Very shortly after the bank robbery, the police vehicle with the tracking device received the signal from the transmitter. Although at one point the signal was lost momentarily, the police were able to follow the signal out of the Shreveport city limits across the Red River into Bossier City, Louisiana. They continued to follow the signal in that city and were joined by other Shreveport police units that were following the tracking vehicle's route of travel by way of radio broadcasts. When the suspect car was stopped by a Shreveport policeman, responding to directions from the "tracking car," Bishop, the defendant, was found on the rear seat with the money which contained the transmitter. Williams, a co-perpetrator, was apprehended by a policeman a short distance from the car after a foot chase.

Bishop urges that the arrest outside the jurisdiction of the arresting officers was invalid and that following an electronic device does not render the arrest legal under the Louisiana definition of "close pursuit." The Louisiana Code of Criminal Procedure provides in pertinent part:

A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this article may enter another jurisdiction in this state and make the arrest.

La.Code Crim.Proc. Art. 213 (1972).

We hold under the facts of this case that the arrest was legal under the Louisiana "close pursuit" statute. The arrest being legal, the objection to the evidence produced thereby must fail.

The district court did not err in refusing to declare a mistrial based on allegedly tainted identification testimony. We have carefully reviewed the identification testimony which defendant asserts requires a mistrial. The risk of misidentification was insufficient under the facts of this case to compel a mistrial. *See Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Rudd v. Florida*, 477 F.2d 805, 809 (5th Cir. 1973).

We find no reversible error in any allegedly prejudicial comments of the trial judge.

AFFIRMED.