**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frederick R. WILLIAMS,
Defendant-Appellant.**

No. 75–2266.

United States Court of Appeals,
Fifth Circuit.

April 28, 1976.

Rehearing and Rehearing En Banc
Denied June 28, 1976.

**1158**

John M. Madison, Jr., Shreveport, La. (Court appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., D. H. Perkins, Jr., Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before AINSWORTH, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Defendant Williams was convicted of armed robbery in violation of 18 U.S.C.A. § 2113(a) and (b). The facts in this case are in most respects identical to those in *United States v. Bishop*, 530 F.2d 1156 (5th Cir. 1976). Williams and Bishop were both indicted for commission of the same bank robbery. Both were convicted in separate trials. While Bishop was apprehended in the back seat of the car in which the stolen money was found, Williams was arrested by a policeman after a short foot chase.

Williams asserts the following errors for reversal:

(1) Ruling that the arrest was properly made upon "close pursuit;"

(2) Failure to suppress evidence illegally obtained following defendant's wrongful arrest;

(3) Allowing introduction of evidence illegally obtained following defendant's wrongful arrest;

(4) Comment, upon viewing fingerprint evidence, that the court was "satisfied;"

(5) Failure to grant a mistrial because of the unlawful presence of a juror in courtroom during proceedings when the jury was excluded;

(6) Allowing evidence that stolen money was found on defendant Williams in contradiction of a finding at the pretrial hearing.

There being no reversible error in any of these contentions the conviction is affirmed.

The first three issues, and their factual background, are identical to questions before the court in *Bishop*. On the basis of that opinion we here decide these issues adversely to the defendant.

The trial judge's comment after examining the fingerprint evidence to the effect that he was "satisfied" does not rise to reversible error. Viewing the record in its entirety, the prejudicial effect of the comment, if any, appears negligible and, in light of the evidence, could not have affected the jury's verdict. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *see also United States v. Rhoden*, 453

F.2d 598, 600 (5th Cir.), *cert. denied*, 406 U.S. 947, 92 S.Ct. 2050, 32 L.Ed.2d 334 (1972).

■ The momentary presence of a juror in the room during the testimony of a prospective witness was not prejudicial to the accused. The record reflects that the trial judge, through interrogation, satisfied himself that the juror did not hear the witness.

Williams, in a *pro se* brief filed in addition to the brief of appointed counsel, urges that it was reversible error to permit evidence at trial that bait money was found on his person, in direct contradiction to a finding at the preliminary hearing. The record reflects that the Government's witness at trial did not at any time intimate that the bills were found on the petitioner. The testimony of the witness was for the purpose of identifying the bait money and did not ascribe possession to either defendant.

AFFIRMED.