**UNITED STATES of America, Plaintiff-Appellant,**

v.

**James Bryan HUFFORD, Defendant-Appellee.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerry MARTYNIUK, Defendant-Appellant.**

**Nos. 75–2454 and 75–3632.**

United States Court of Appeals, Ninth Circuit.

July 26, 1976.

Kenneth C. Bauman (argued), Asst. U. S. Atty., Portland, Or., for plaintiff-appellant.

Harry R. Kraus (argued), Portland, Or., for defendant-appellee.

OPINION

Before DUNIWAY and TRASK, Circuit Judges, and BATTIN,* District Judge.

* Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation.

BATTIN, District Judge.

The defendants were charged with possession with intent to distribute amphetamines, in violation of 21 U.S.C. § 841(a)(1). The defendants filed a motion to quash the search warrant and suppress the evidence. Following an evidentiary hearing; the District Court granted Hufford's motion to suppress and quash and denied Martyniuk's motion.

After waiving his right to a jury trial, defendant, Martyniuk, was tried on stipulated facts and found guilty on all counts alleged in the indictment.

Martyniuk has appealed his conviction and the Government has appealed the lower court decision on Hufford's motion to dismiss.

## BACKGROUND FACTS.

We adopt substantially the facts from the lower court.

Government agents suspected these defendants of engaging in illicit drug activity. On June 24, 1974, Hufford ordered and paid a deposit on two large drums of caffeine, which is used in the manufacture of amphetamines, from a chemical company in Portland, Oregon. On June 28, 1974, Government agents learned of Hufford's order. With the consent of the company, the agents took one drum to Seattle, installed an electronic tracking device (beeper) in it, and then returned the drum to the company warehouse.

The device, which is not a recording instrument and does not transmit conversation, emits a radio signal which enables its location to be determined by directional finders.

On July 16th, Hufford picked up the drums and paid the remaining purchase price. Hufford drove circuitously toward his destination. Relying on visual observation and particularly the beeper, agents followed Hufford to a garage, which Hufford had rented, where he parked his pickup truck and left.

On July 18th, agents entered the rental unit adjacent to Hufford's with the renter's permission. Through a crack in the wall and a missing piece of sheetrock, the agents observed the drums of caffeine, along with a pickup truck and a rotary tableting machine.

On July 23rd, pursuant to a court order, the agents attached a beeper to the battery of the pickup truck. After the second beeper ceased transmitting, on August 28th, the agents obtained a second court order to repair or replace the beeper. When they arrived at the garage, the pickup was gone. However, the second beeper began signaling again, and directed the agents to the truck at a house in Dallas, Oregon.

On September 30th, the agents obtained a warrant to search the premises in Dallas and another warrant for the rental garage in Eugene. A variety of drug manufacturing paraphernalia and amphetamines were seized from Hufford and Martyniuk.

## DISCUSSION.

██ We hold that while the installation of the beeper in the drum was a probing, exploratory quest for evidence, the defendants did not have a reasonable expectation of privacy.[1] *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Therefore, the defendants are not entitled to Fourth Amendment protection.

Hufford did not have a reasonable expectation of privacy as he drove along the public road. While he hoped that his travel would go unmonitored, his movements were

1. In *United States v. Holmes,* 521 F.2d 859 (1975), the Fifth Circuit reached an opposite conclusion. That opinion has been withdrawn and a rehearing en banc granted. See 525 F.2d 1364 (1976).

In accord with this opinion is *United States v. Carpenter,* 403 F.Supp. 361 (D.Mass.1975).

knowingly exposed to the public, and therefore are not a subject of Fourth Amendment protection.[2] *Katz, supra,* at page 351, 88 S.Ct. 507. As recently stated in *Cardwell v. Lewis,* 417 U.S. 583, 590, 94 S.Ct. 2464, 2469, 41 L.Ed.2d 325 (1974):

> One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects. A car has little capacity for escaping public scrutiny. It travels public thoroughfares where both its occupants and its contents are in plain view.

The lower court concluded that agents could not have determined the location of the rental garage but for the beeper. But the device only augments that which can be done by visual surveillance alone; with more agents and more automobiles or planes, Hufford's movements could have easily been followed without the use of a beeper. We see no distinction between visual surveillance and the use of an electronic beeper to aid the agents in following the movements of an automobile along public roads provided no Fourth Amendment violation occurred when the beeper was attached.

While the drums remained in the possession of the chemical company, the defendants did not have any control over their movements, and therefore did not have any reasonable expectation of privacy under the Fourth Amendment concerning the drums. With the chemical company's permission, the drug agents could inspect the one drum and attach the beeper. It was the District Court's opinion that the Government contradicted itself when it sought Court approval to install and then recharge the second beeper. We see no contradiction. Had the agents not resorted to a warrant,

entrance into the garage and the opening of the truck's hood would have been an invasion of an area in which Hufford had a reasonable expectation of privacy.

Our holding is analogous to other Court rulings permitting the use of surveillance devices to aid in the tracking of suspects or locating evidence. For example, binoculars[3], tracking dogs[4], or searchlights[5] are permissible devices. The agents were merely using an appropriate sophisticated device to aid in a lawful surveillance of Hufford.

This case is also similar to the bugged-informer situation. In *Lopez v. United States,* 373 U.S. 427, 439, 83 S.Ct. 1381, 1388, 10 L.Ed.2d 462 (1963), which was reaffirmed in *United States v. White,* 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), the Court stated:

> Indeed this case involves no "eavesdropping" whatever in any proper sense of that term. The Government did not use an electronic device to listen in on conversations it could not otherwise have heard. Instead, the device was used only to obtain the most reliable evidence possible of a conversation in which the Government's own agent was a participant and which that agent was fully entitled to disclose. And the device was not planted by means of an unlawful physical invasion of petitioner's premises under circumstances which would violate the Fourth Amendment. It was carried in and out by an agent who was there with petitioner's assent, and it neither saw nor heard more than the agent himself.

The defendant's automobile movements were at all times in full view of the public; therefore, the public as well as Government agents could have disclosed what they saw. The electronic beeper was merely a more

---

**2.** Of similar effect is *Hester v. United States,* 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898 (1924), where Justice Holmes wrote:

> "[S]pecial protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers, and effects,' is not extended to the open fields."

**3.** *Fullbright v. United States,* 392 F.2d 432 (10th Cir. 1968), cert. den., 393 U.S. 830, 89

S.Ct. 97, 21 L.Ed.2d 101 (1968); *United States v. Grimes,* 426 F.2d 706 (5th Cir. 1970).

**4.** *United States v. Solis,* 536 F.2d 880 9th Cir., (1976); *United States v. Joyner,* 160 U.S.App. D.C. 384, 492 F.2d 650 (1974).

**5.** *United States v. Lee,* 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927).

reliable means of ascertaining where Hufford was going as he drove along the public road.

■ The District Court concluded that the agent's view of the rental garage from the adjacent stall was permissible since he observed what was in plain view and did not trespass. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). We agree.

The District Court also ruled that Martyniuk had no reasonable expectation of privacy regarding the movement and location of the drums. We concur in that opinion.

The District Court's decision as to Hufford is reversed and the decision as to Martyniuk is affirmed.