**UNITED STATES of America, Plaintiff,**

v.

. **Clark BAILEY and Carolyn Ann Gomez, Defendants.**

Crim. No. 78–80810.

United States District Court,
E. D. Michigan, S. D.

Feb. 20, 1979.·

Joseph E. Papelian, Asst. U.S. Atty.,
James K. Robinson, U.S. Atty., Detroit,
Mich., for plaintiff.

Eric L. Clay, Lewis, White, Clay &
Graves, Detroit, Mich., for defendant Bailey.

Daniel J. Blank, Thav & Blank, Birmingham, Mich., for defendant Gomez.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

On November 22, 1978, Clark Bailey and Carolyn Ann Gomez were indicted for the offense of conspiracy to manufacture phencyclidine, a Schedule II Controlled Substance, contrary to the provisions of Section 841(a)(1) and Section 846, Title 21, United States Code. Their joint motion to suppress certain evidence was taken under advisement at oral argument on February 12, 1979.

On May 5, 1978, a Drug Enforcement Administration special agent filed an Affidavit for Search Warrant with a United States magistrate of the Eastern District of Michigan, which affidavit disclosed that defendant Gomez was in the process of purchasing certain chemicals for the illegal manufacture of phencyclidine from an undercover federal agent. The magistrate issued a search warrant authorizing an electronic beeper to be placed in a drum containing a chemical which was to be delivered to defendant Gomez. The drum with the beeper was delivered to her on May 7, 1978. With the use of the functioning beeper, DEA agents traced the drum with the chemical and beeper to premises at 710 East Warren in Detroit and then to an apartment building at 11750 Martindale, North, Detroit, Michigan. On May 11, 1978, DEA agents, operating in an undercover capacity, gained access to the apartment complex at 11750 Martindale, North, Detroit, through a ruse and located the source of the signal in a locked storage room in the basement of the apartment complex. From May 11, 1978 through July 14, 1978, daily checks indicated that the device remained at 11750 Martindale, North. On July 14, 1978, another search warrant was obtained from a different magistrate. But for the beeper, the July 14, 1978 warrant would not have been sought or issued. The July 14, 1978 search warrant authorized seizure of the drum at the Martindale address. The drum was seized in a basement storage room.

It was established at a testimonial hearing on the motion to suppress that defendant Clark Bailey was in actual possession of the storage room from which the drum was seized. The Court determined that Carolyn Ann Gomez had no legitimate expectation of privacy in the storage room under *Rakas v. Illinois,* —— U.S. ——, 99 S.Ct. 421, 58 L.Ed.2d 387, 24 Cr.L. 3009 (1978).

■ The Court is satisfied that the affidavit for the July 14, 1978 search warrant was sufficient to authorize its issuance, and that none of defendant Clark Bailey's constitutional rights were violated by the manner in which the information for the search warrant was obtained, except as hereinafter provided, and that he has no legitimate complaint about the manner in which the search warrant was actually executed.

It is self-evident that an electronic beeper is a device that has great potential as a law enforcement tool and even greater potential for the intrusion upon legitimate expectations of privacy. A consistent policy with respect to beepers and Fourth Amendment rights has not yet evolved. *United States · v. Pringle,* 576 F.2d 1114 (5th Cir. 1978); *United States v. Moore,* 562 F.2d 106 (1st Cir. 1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1493, 55 L.Ed.2d 521 (1978); *United States v. Holmes,* 537 F.2d 227 (5th Cir. 1976) (equally divided vote), *aff'g* 521 F.2d 859 (5th Cir. 1975); *United States v. Hufford,* 539 F.2d 32 (9th Cir.), *cert. denied,* 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 614 (1976); *United States v. Bishop,* 530 F.2d 1156 (5th Cir. 1976), *cert. denied,* 429 U.S. 848, 97 S.Ct. 133, 50 L.Ed.2d 120 (1977); *United States v. Perez,* 526 F.2d 859 (5th Cir.), *cert. denied,* 429 U.S. 846, 97 S.Ct. 129, 50 L.Ed.2d 118 (1976). Apparently, the Court of Appeals for the Sixth Circuit has not dealt with the issue.

■ It is not difficult to imagine multiple exigent circumstances which would justify

the use of beepers without warrants.[1] There is some appeal to the argument for warrantless use of beepers on automobiles and in objects which are contraband per se. Here, the container with the beeper was not contraband per se. Its placement not only enabled federal authorities to trace and locate the container; it also had the potential to enable them to trace the private movements of persons in possession of the container, even into their homes. It is the Court's opinion that it was appropriate and necessary to seek and obtain a court order in the nature of a search warrant for its use under the circumstances.

The nature of the intrusion into privacy is not unlike the intrusion involved in card drops and pen registers. In *United States v. New York Telephone Co.,* 434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977), it was determined that a district court had power to authorize the installation of pen registers under Rule 41(b) of the Federal Rules of Criminal Procedure, and that the district court's order directing the telephone company to assist the installation of pen registers was authorized by the All Writs Act. A similar result had been obtained in an appeal from this court in *Michigan Bell Telephone Co. v. United States,* 565 F.2d 385 (1977). It is the opinion of this Court that these cases are authority for the issuance of warrants for use of electronic beepers in appropriate cases, and furthermore that such cases are also persuasive with respect to the necessity thereof.

■ The practice with respect to the issuance and return of search warrants is spelled out with particularity in Rule 41, Federal Rules of Criminal Procedure. In several respects the exact procedure anticipated in Rule 41 does not fit pen registers, card drops, or electronic beepers. Accordingly, it is necessary for the judge or magistrate issuing the warrant to interpolate so that the warrant will satisfy constitutional standards and other standards, if any, imposed by law for the issuance of warrants.

Rule 41(c) provides that search warrants shall command the officer to search, within a specified period of time, not to exceed ten days, the person or place named for the property specified. Rule 41 also makes provision for service of the warrant upon the person whose privacy is invaded. It provides for a return to the court. Likewise, Title III of the Omnibus Criminal Control and Safe Streets Act of 1968 (18 U.S.C. §§ 2510–20), which is concerned with orders authorizing interception of wire or oral communications, contains detailed provisions for time limitation on authorized intercepts, continued supervision by the court, and ultimate notice to persons whose privacy has been invaded.

The court orders authorizing card drops which were approved by the Sixth Circuit in *Michigan Bell Telephone Co. v. United States,* contained twenty-day time limits. Although it does not appear in the reported decision, the twenty-day time limitations were unquestionably taken by analogy from the cited statute governing wire intercepts.

It appears from Footnote 16 of *United States v. New York Telephone. Co.* that the ten-day time limitation of Rule 41(c)(1) does not mean that the duration of a pen register may not exceed ten days. The order approved by the United States Supreme Court authorized surveillance for a twenty-day period, perhaps by the same analogy.

The Fourth Amendment requires warrants to particularly describe the place to be searched and the persons or things to be seized. It contains no specific language with respect to time, but the time requirement of the court rule is intended to supplement constitutional policy. This policy is expressed in *United States v. Bedford,* 519 F.2d 650, 655 (3d Cir. 1975), as follows:

"The element of time can admittedly affect the validity of a search warrant. Since it is upon allegation of presently existing facts that a warrant is issued, it is essential that it be executed promptly,

---

1. Query: In such case might it be appropriate and required to obtain judicial approval for the continued use of the signals from the beeper?

'in order to lessen the possibility that the facts upon which probable cause was initially based do not become dissipated.' If the police were allowed to execute the warrant at leisure, the safeguard of judicial control over the search which the fourth amendment is intended to accomplish would be eviscerated. Thus, a search pursuant to a 'stale' warrant is invalid." (Footnotes omitted).

If a magistrate, issuing a routine Rule 41 search warrant, fails to include a time limitation, perhaps the warrant would be valid because there would be the ten-day time period specified in the rule to fall back upon, notwithstanding the magistrate's clear duty to exercise his discretion with respect to time. Here, there is no time limitation specified in the warrant, and none, not even a reasonable time, may be inferred. The warrant purported to authorize surveillance as long as the beeper functioned.[2] The warrant was a blank check, and it was obviously construed as such by the DEA.

The Constitution does not require that a search warrant contain a time limitation.[3] There is a clear federal statutory policy, implementing the Fourth Amendment, which requires search warrants to contain a time limitation. The warrant in this case violates the policy. It is the Court's opinion that the warrant is void and was void from its inception.

Delivery of the drum with the beeper to defendant Gomez was a violation of her privacy guaranteed by the Fourth Amendment to the Constitution of the United States. Likewise, the continued use of the beeper at 11750 Martindale, North, was a violation of the Fourth Amendment rights of defendant Bailey.

The July 14, 1978 search warrant and the evidence seized from the storage room on the authority of the warrant were the direct fruits of the unauthorized use of the beeper. The evidence seized must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *United States v. Moore*, 562 F.2d 106 (1st Cir. 1977).

---

**2.** While it would normally be impossible for authorized officers to shut off a signaling device once it was out of their possession, it would be possible for the warrant to direct that monitoring cease except upon further order of the court. Of course, a requirement of notice would have the same effect.

**3.** Some state statutory procedures for the issuance of search warrants do not require that the warrant contain a time limitation. This Court does not suggest that such state statutes are unconstitutional.