BYRNES, Judge,
dissenting.
I must respectfully dissent from the position taken by the majority.
It should be noted initially that intentional omission of information from the search warrant affidavit is not an issue here. The trial court found that the omission was not intentional and this ruling has not been challenged. Thus, the majority discussion of State v. Lehnen, U.S. v. Ventresca, and State v. Durand is unnecessary.
The issue in this application is whether the trial court was correct in ruling that the officers’ illegal trespass on the property of the defendant’s neighbor resulted in an illegal, warrantless and exploratory search and that the information obtained as a result of the search was not negligable. The majority fails to point out that the reason for the officers’ trespass was to corroborate information given to them by a previously unknown anonymous informant. As the trial court correctly observed:
In the instant case the information obtained on the basis of the trespass was not negligible. In fact, the viewing of the hot house and the plants nestled out of sight in the backyard is the piece of information which would have persuaded a magistrate to sign the warrant. Had it not been for this corroboration, the warrant would not have had sufficient information to support its issuance, (emphasis in original)
Viewed in this light, the information obtained by the trespass, far from being neg-ligable, was essential to the validity of the warrant.
This fact alone is sufficient to distinguish this case from State v. Roubique, 421 So.2d 859 (La.1982). In Roubique, the court upheld the validity of a search warrant notwithstanding an unintentional illegal trespass by the police because other sources of information, independent of the trespass, were sufficient to justify the warrant. The trial court in the case before us was aware of this distinction as evidenced by the following language from its reasons for judgment:
In State v. Roubique, 421 So.2d 859, a warrant was obtained based on information gained through unintentional trespass on a road which was marked “Private, no trespassing”. The officer had not seen the sign and the sum total of his observation was a license plate number and make of a car. In Roubique the court held that the information obtained was so attenuated, from the illegal entry that it was to be admitted. Additionally, the court held that information obtained through the trespass was negligable (a license plate number and car make) and that the information obtained from a confidential informant on two occasions alone had sufficed for the execution of the warrant, (emphasis in original)
As previously observed, there was no independent source of information in this case beyond the previously unknown ana-nymous informer. Without the corroboration gained by the officers' illegal actions, a warrant could not have issued in this case.
The question then becomes whether defendant had a reasonable expectation of privacy in his neighbor’s yard. The majority relies on State v. Denton, 387 So.2d 578 (La.1980) and State v. Dupuis, 378 So.2d 934 (La.1979) as support for its position that no reasonable expectation of privacy existed. Each of those cases is distinguishable from the present situation.
In State v. Denton, the court upheld the warrantless search of a fish company's premises. The surveillance which led to the search had taken place on a private dock adjacent to the business. The court held that there was no reasonable expectation of privacy in the dock because “[although it was a private dock, it was located on a public navigable waterway (Bayou LaFourche) and their [the defendants] actions could have been observed by anyone passing on the waterway.” 387 So.2d at 584.
In State v. Dupuis, 378 So.2d 934 (La.1979) the court upheld the warrantless search of a truck and trailer. The search was made on the basis of observations made by the police from adjoining private *833 property. Unlike Denton, the property in Dupuis was not on a public waterway or roadway. The court nonetheless found that it was not reasonable for defendants to expect that no one would observe their activities because “[t]here were no signs, fences or gates to exclude the public ... from the area.” 378 So.2d at 934.
In Denton and Dupuis the Courts’ conclusion that no reasonable expectation of privacy existed was based on the public’s easy and unrestricted access to the area where the illegal activity was observed. In the present case, the property on which the police trespassed was completely fenced and obviously private. The fence was there to “exclude the public.” Defendant’s backyard was not visible from the public street, it was only visible from the private property of his immediate neighbors. In my opinion, it was reasonable for the defendant to expect that the only people who would look into his backyard from his neighbors’ backyard would be the neighbors themselves or those persons who were there with the neighbors’ permission.
The facts of this case are almost identical to those in State v. Byers, 359 So.2d 84 (La.1978). In that case, the police acting on an anonymous tip, trespassed on private property to observe the illegal activities of the defendants. The property they trespassed on did not belong to any of the defendants. It was posted with no trespassing signs. A chain, strung between two concrete posts, blocked access to the land from the public road. The Supreme Court in a unanimous decision ruled that:
In the present case, the marijuana was not visible from the public road. The posted signs announced that the logging road was private and prohibited entry of the land. A chain barred access to the private road, though it was down at the time of the arrest and seizure. We conclude that under these circumstances the defendants had a legitimate expectation of privacy. 359 So.2d at 86.
Like Byers, the present case involves illegal trespass by the police on land not owned by the defendant but which is clearly marked as private (in this case by a fence). As in Byers, the marijuana was not visible from a public road.
In this case, the police jumped a fence onto private property to observe objects in defendant’s yard which they could not otherwise have seen. This was trespass under circumstances where there could be no doubt that the officers knew they were trespassing. Unlike State v. Fearn, 345 So.2d 468 (La.1977), cited by the majority, the initial viewing of the marijuana by the officers from the neighbors yard was not with the neighbor’s permission.
The information gathered by the illegal activity of the police in this case should not be use to support issuance of a search warrant. The trial judge clearly felt that the manner in which the officers made their observation tainted the process to such a degree that a warrant should not have issued. I agree.
The trial judge correctly granted the motion to suppress. I would deny the writ.