## UNITED STATES *v.* LEE.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FIRST CIRCUIT.

No. 752.   Argued March 8, 1927.—Decided May 31, 1927.

1. Officers of the Coast Guard are authorized, by virtue of Rev. Stats. § 3072, to seize on the high seas beyond the twelve-mile limit an American vessel subject to forfeiture for violation of any law respecting the revenue. *Maul* v. *United States, ante,* p. 501.   P. 562.

2. From that power it is fairly to be inferred that they are likewise authorized to board and search such vessels when there is probable cause to believe them subject to seizure for violation of revenue laws, and to arrest persons thereon engaged in such violation. P. 562.

3. Where a boat was properly seized by a Coast Guard officer beyond the twelve-mile limit and brought in, a search of her by a deputy surveyor of the port, within the territory of the United States, was authorized by § 581 of the Tariff Act of 1922, and failure of the Government to institute proceedings to forfeit the boat and cargo of illicit liquor did not, by retroaction, render illegal either the seizure or the search.   P. 563.

4. A search of a boat made as an incident of a lawful arrest does not violate the Constitution.   P. 563.

5. An examination of a boat with a search light, before boarding her, is not an unconstitutional search, and discovery thereby of illicit liquor is admissible in evidence.   P. 563.

6. Legal evidence is not rendered inadmissible by a later trespass upon the part of the officers who obtained it.   P. 563.

14 F. (2d) 400, reversed.

CERTIORARI (273 U. S. 686) to a judgment of the Circuit Court of Appeals reversing a conviction for conspiracy to violate the Tariff and Prohibition Acts, upon the ground that evidence admitted was obtained by an illegal search and seizure.

*Assistant Attorney General Farnum,* with whom *Solicitor General Mitchell* was on the brief, for the United States.

No appearance for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

In the federal court for Massachusetts, Lee and two others, all apparently American citizens, were indicted for conspiring within the United States to violate §§ 591 and 593 of the Tariff Act of 1922, c. 356, 42 Stat. 858, 981, 982, and § 3 of the National Prohibition Act, October 28, 1919, c. 85, Title II, 41 Stat. 305, 308. The defendants pleaded not guilty. Lee and one other were convicted. Lee sued out a writ of error. The Court of Appeals (one judge dissenting) vacated the judgment on the ground that evidence had been admitted which was obtained by an illegal search and seizure. 14 F. (2d) 400. This Court granted a writ of certiorari. 273 U. S. 686.

On the afternoon of February 16, 1925, the boatswain of a Coast Guard patrol boat saw a motor boat of the numbered type proceed in a southeasterly direction from Gloucester harbor. He followed her at a distance of 500 yards, lost sight of her after sundown, apparently in a fog, at a point about 20 miles east of Boston Light, and discovered her later alongside the schooner *L'Homme* in a region commonly spoken of as Rum Row, at a point 24 miles from land. On board the motor boat were Lee, two associates, and 71 cases of grain alcohol. The boatswain arrested the three men, seized the motor boat, and took her with them and the liquor to Boston. There this indictment was found. It does not appear that the Government instituted proceedings to forfeit either the motor boat or the liquor. The motor boat, which had a length of about 30 feet, was registered in Lee's name.

The boatswain testified that when he discovered the motor boat alongside the *L'Homme:*

" I put a searchlight on her and told those aboard the motor boat to put up their hands. In the boat I found the three defendants, McNeil, Vieria, and Lee. I hooked the boat over and found a number of cans of alcohol on board it. I searched the defendants for weapons and found none. I put two of my men on board the motor boat and took the boat and the defendants to Boston."

The liquor does not appear to have been put in evidence. The deputy surveyor of the port testified that, upon the motor boat's arrival in Boston, he examined the cases on board and found that they contained alcohol, 95 degrees proof; and that Lee, when interrogated, said: " I ran the engine, and the first thing I knew I was alongside a schooner. I did not see any cases on our boat until captured by the revenue cutter." The testimony of the deputy surveyor as to what he found on the motor boat, and that of the boatswain as to what he found upon his examination of the motor boat at the time of his command to those on board to throw up their hands, was admitted over Lee's objection and subject to exception duly made.

The Court of Appeals, expressing disagreement with the conclusion reached in *The Underwriter*, 13 F. (2d) 433, held that the Coast Guard is not authorized to visit and search American vessels on the high seas more than twelve miles from the coast; that the seizure there made was without authority; that it was illegal, since it did not appear that the Government had ratified it by the institution of legal proceedings to enforce the forfeiture; that the search and seizure having been illegal, knowledge gained as a result of the illegal search could not be put in evidence, *Weeks* v. *United States,* 232 U. S. 383; and that the testimony of the deputy surveyor and of the boatswain was wrongly admitted.

55514°—28——36

The Government contends that the Coast Guard has authority to visit, search and seize an American vessel on the high seas beyond the twelve-mile limit when probable cause exists to believe that our law is being violated; that it has authority also to arrest persons on such vessel who there is reason to believe are engaged in committing a felony; that here probable cause was shown that the crime, a felony, was being committed; that if any search, within the meaning of the Constitution, was made of the motor boat before she reached port, it was valid as an incident of a lawful arrest of persons who the officer had reasonable cause to believe were engaged in committing a felony; that the constitutional prohibition against search and seizure without a warrant is not applicable to this small motor boat which does not appear to have been used as a place of residence; and that it does not appear that any search was, in fact, made before the motor boat was examined in Boston by the deputy surveyor, within the territorial limits of the United States, where search is clearly valid.

In the main the contentions of the Government are in our opinion well founded. Officers of the Coast Guard are authorized, by virtue of Revised Statutes, § 3072, to seize on the high seas beyond the twelve-mile limit an American vessel subject to forfeiture for violation of any law respecting the revenue. *Maul* v. *United States* [*The Underwriter*], *ante,* p. 501. From that power it is fairly to be inferred that they are likewise authorized to board and search such vessels when there is probable cause to believe them subject to seizure for violation of revenue laws, and to arrest persons thereon engaged in such violation. Compare *Ford* v. *United States,* 273 U. S. 593, 609–616. The authority asserted is not as broad as the belligerent right to visit and search even without probable

cause. Compare *The Marianna Flora,* 11 Wheat. 1, 42. In the case at bar, there was probable cause to believe that our revenue laws were being violated by an American vessel and the persons thereon, in such manner as to render the vessel subject to forfeiture. Under such circumstances, search and seizure of the vessel, and arrest of the persons thereon, by the Coast Guard on the high seas is lawful, as like search and seizure of an automobile, and arrest of the persons therein, by prohibition officers on land is lawful. Compare *Carroll* v. *United States,* 267 U. S. 132, 149. As the Coast Guard was authorized to seize the motor boat, the search of her by the deputy surveyor within the territory of the United States was, in any event, authorized under § 581 of the Tariff Act of 1922. The failure of the Government to institute thereafter proceedings for forfeiture of the motor boat and the liquor did not, by retroaction, render illegal either the seizure or the search.

Moreover search, if any, of the motor boat at sea did not violate the Constitution, for it was made by the boatswain as an incident of a lawful arrest. *Agnello* v. *United States,* 269 U. S. 20, 30. But no search on the high seas is shown. The testimony of the boatswain shows that he used a searchlight. It is not shown that there was any exploration below decks or under hatches. For aught that appears, the cases of liquor were on deck and, like the defendants, were discovered before the motor boat was boarded. Such use of a searchlight is comparable to the use of a marine glass or a field glass. It is not prohibited by the Constitution. Compare *Hester* v. *United States,* 265 U. S. 57. A later trespass by the officers, if any, did not render inadmissible in evidence knowledge legally obtained. *McGuire* v. *United States,* 273 U. S. 95.

*Reversed.*