**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jay V. BALL, Defendant-Appellant.**

**No. 15973.**

United States Court of Appeals Sixth Circuit.

May 10, 1965.

John F. Dugger, Morristown, Tenn., for appellant, Bacon & Dugger, Morristown, Tenn., of counsel.

G. Wilson Horde, Knoxville, Tenn., for appellee, J. H. Reddy, U. S. Atty., David E. Smith, Asst. U. S. Atty., Knoxville, Tenn., on the brief.

Before MILLER, O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

The defendant was found guilty by a jury of the illegal sale of nontaxpaid whiskey and received a sentence of five years.

We find no merit in his contention that the District Judge erred in refusing to charge the jury on the law of entrapment. United States v. Gosser, 339 F.2d 102, C.A. 6th; Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. See also: Lopez v. United States, 373 U.S. 427, 436, 83 S.Ct. 1381, 10 L.Ed.2d 462.

The defendant contends that the District Judge erred in overruling his motion to suppress evidence and in admitting in evidence the testimony of a government agent and an informer that they saw twenty-five cases of whiskey stacked in the kitchen in defendant's house on the night of April 9, 1963. It is claimed that the entry into the house in the absence of the defendant without a search warrant constituted an illegal search and seizure. The agent and the informer were making a delivery of glass fruit jars to the defendant in accordance with arrangements between them. The defendant's wife made no objection to the entry of the agent and the informer. Under the circumstances, the entry into the house was not illegal. Roberts v.

United States, 332 F.2d 892, 895, 896, C.A. 8th; Stein v. United States, 166 F.2d 851, 855, C.A. 9th, cert. denied, 334 U.S. 844, 68 S.Ct. 1512, 92 L.Ed. 1768; United States v. Sferas, 210 F.2d 69, 74, C.A. 7th, cert. denied, sub nom. Skally v. United States, 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086; United States v. Pugliese, 153 F.2d 497, 499, C.A. 2nd. The whiskey which the agent saw in the house after entry was fully disclosed to visual observation without the necessity of searching for it and did not constitute an illegal search. United States v. Williams, 314 F.2d 795, 798, C.A. 6th; United States v. Lee, 274 U.S. 559, 563, 47 S.Ct. 746, 71 L.Ed. 1202.

The defendant requested the District Judge to instruct the jury that the motives of an informer should be considered in determining how much weight and credibility his testimony should be given, and that the testimony of an informer must be weighed with great care and be scrutinized closely, carefully and cautiously. The substance of these requested instructions was given to the jury with respect to all the witnesses, without a separate reference to the testimony of the informer. The trial judge is not required to instruct the jury in the exact language requested by the defendant. Henderson v. United States, 218 F.2d 14, 18, 50 A.L.R.2d 754, C.A. 6th, cert. denied 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253, rehearing denied, 349 U.S. 969, 75 S.Ct. 879, 99 L.Ed. 1290. Although it would have been better practice for the District Judge to have given a separate instruction with particular reference to the testimony of the informer, the failure to do so was not reversible error. United States v. Finazzo, 288 F.2d 175, 176, C.A. 6th, cert. denied, 368 U.S. 837, 82 S.Ct. 37, 7 L.Ed.2d 38; Continental Baking Co. v. United States, 281 F.2d 137, 155, C.A. 6th. See: Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442.

We find no merit in the defendant's further contention that it was reversible error to require him to go to trial without the production by the District Attorney of certain records called for by a subpoena directed to him. The records were not in the possession of the District Attorney. United States v. Cohen, S.D.N.Y., 15 F.R.D. 269, 273. The information contained in the records was to a substantial degree given to defendant's attorney orally by the District Attorney during the trial.

The judgment is affirmed.