THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS DOZIER, Defendant.

County Court, Oneida County, January 4, 1967.

*Herbert Brill* for defendant. *Arthur A. Darrigrand, District Attorney (J. Stuart Fero* of counsel), for plaintiff.

JOHN J. WALSH, J. The defendant was arrested on the New York State Thruway within this county.

A State trooper assigned to the Thruway patrol in an unmarked car observed the defendant operating an automobile in the early morning hours.

It is conceded that there was no apparent violation of law by the defendant in the operation of his automobile nor was there any reasonable suspicion that the automobile contained any contraband or had been used for any criminal purpose.

The trooper decided to make a '' routine '' check of the driver, as apparently it is or was his policy to do so during the late night and early morning hours on the Thruway, a relatively high-speed highway in this State connecting with interstate roads.

He stopped the defendant and asked for his operator's license. A companion sitting in the front seat, opened the glove compartment to remove the license and the officer clearly observed a pistol therein. The glove compartment was then closed.

An examination of the license disclosed discrepancies between the defendant and the person to whom the license was issued. After some questioning, the defendant was forthwith arrested by the trooper for driving without a license, a misdemeanor committed in the officer's presence. There is no question about the validity of the arrest at that time.

Upon the arrest, the officer demanded that the glove compartment be reopened and the revolver was seized.

The defendant was then questioned as to his possession of the firearm and whether or not he was licensed. He then made certain oral statements that he had found the gun earlier in a service area on the Thruway.

Defendant moves to suppress the evidence seized and for an order holding any statements or oral admissions by the defendant to be inadmissible upon the trial.

The foregoing events are not controverted and are the findings of fact made by this court beyond a reasonable doubt on this motion to suppress.

The motion for an order holding any statements or oral admissions to be inadmissible on the trial is granted. Con-

cededly, the defendant was in "custody" at the time he made the statement, having been arrested for the traffic offense. Although the officer testified that he warned the defendant of his rights, he conceded that the complete fourfold warning now required by *Miranda* v. *Arizona* (384 U. S. 436 [1966]) was not given, specifically as to counsel for an indigent person.

The rule is well established that seeing what is in plain sight does not constitute a search. A search implies a prying into hidden places for that which is concealed. (*People* v. *West,* 144 Cal. App. 2d 214, 219–220; *United States* v. *Lee,* 274 U. S. 559, 563.)

In the last-cited case, the Supreme Court held that where contraband was seen openly, it is not rendered inadmissible by reason of a subsequent trespass to seize the evidence.

The only significant issue raised by the defendant which is admittedly somewhat difficult to resolve is the initial stopping of the vehicle by the trooper.

Section 423 of the Vehicle and Traffic Law provides: "The officers and members of the state police shall have and exercise the power and it shall be their duty to *investigate* and make arrests for violations of the provisions of this chapter." (Italics supplied.)

Does this provision authorize a "routine" stopping of an automobile to check an operator's license or for a safety check? Is there a constitutional right of freedom of movement?

This subject was interestingly discussed in "Interference with the Right to Free Movement: Stopping and Search of Vehicles" (Cal. L. Rev. [1963], pp. 907–922.)

Subdivision 4 of section 401 of the Vehicle and Traffic Law requires every person operating a motor vehicle to "produce for inspection" upon demand of a "state policeman" the certificate of registration, information as to ownership and his license to operate an automobile.

The only practical method of enforcement of vehicle licensing laws is by stopping. The inconvenience experienced by the individual motorist is relatively slight while the benefits to be derived by enforcement of strict licensing laws is relatively great.

"The question of whether an officer has a right to interrogate the occupant of a vehicle is a separate issue from whether he has a right to search and arrest the occupant." (*People* v. *Mosco,* 214 Cal. App. 2d 581, 584.)

In *People* v. *Scianno* (20 A D 2d 919) the Second Department held that a peace officer is authorized to stop a motor vehicle and demand of its driver, or of any passenger who claims to be

its owner, the certificate of registration and "When, in the course of complying with the officer's demand, the nondriving owner voluntarily exposes to the view of the officer an unlawfully possessed weapon, such exposure is not the result of a search by the officer."

The motion insofar as it seeks to suppress the evidence seized is denied.