**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Edward BALL, Defendant-Appellant.**

**No. 17272.**

United States Court of Appeals Sixth Circuit.

July 31, 1967.

William Allen Ogden, Cincinnati, Ohio, for appellant.

John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, Merle M. McCurdy, U. S. Atty., Toledo, Ohio, on brief, for appellee.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

WEICK, Chief Judge.

This appeal is from a judgment of conviction entered upon a jury verdict finding Appellant Ball guilty of robbing a federally insured bank in Willard,

Ohio. He was sentenced to fifteen years' imprisonment.

The robbery took place at about 10:20 A.M. on December 2, 1965. The robber, who was wearing a black hooded jacket, obtained $1,213 of the bank's funds from a woman teller by handing her a note stating in substance that this was a hold-up, that he had nitroglycerin, and that she should hand him the money from the drawer.

At the trial, Ball was identified by the woman teller and also by another teller. An officer of the bank testified that Ball was in the bank a few days before the robbery and approached him for the ostensible purpose of obtaining a loan.

The two tellers also identified Ball in a police lineup held a few hours after the robbery, at which the police required him, over his objection, to wear his jacket.

Ball contends that his rights under the Fifth and Sixth Amendments to the Constitution were violated by placing him in the lineup without the benefit of counsel, and by requiring him to wear his black hooded jacket. This point was raised for the first time on appeal by counsel appointed by this Court.

At the time of the lineup Ball had made no request for counsel. He was under arrest for drunkenness and resisting arrest. He was not charged with bank robbery until after he had been identified in the lineup as the robber.

The Supreme Court, subsequent to the argument of this case, decided that an accused's Sixth Amendment rather than Fifth Amendment rights were violated by placing him in a lineup without counsel. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). But in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) the Court held that the new rule should be applied only to future cases which involve confrontations for identification purposes, conducted after June 12, 1967. This obviates the neces-sity of determining whether the in-court identifications in the present case were made independently of the lineup and whether any prejudice resulted to Ball.

█ We do not find that the confrontation conducted in this case was suggestive and conducive to irreparable identification so as to deny Ball due process of law. All that happened here was that Ball was placed in the lineup and required to wear his own jacket.

Ball further contends that his Fourth Amendment rights were violated by police officers in making an unreasonable search of his room and seizing his jacket. We find no merit in this claim.

█ Ball made no motion to suppress prior to the trial, which he was required to do in order to urge the claim. Rule 41(f) Fed.R.Crim.P.; Zachary v. United States, 275 F.2d 793 (6th Cir. 1960), cert. denied, 364 U.S. 816, 81 S.Ct. 46, 5 L.Ed.2d 47, rehearing denied 364 U.S. 906, 81 S.Ct. 230, 5 L.Ed. 2d 198.

█ Ball had been picked up by Willard police officers in a bar and was taken to his hotel room, located near the bank, in order that he could furnish them with his identification papers. His appearance was observed at the time by other officers and an F.B.I. agent to be similar to the description of the man they were looking for in connection with the bank robbery. Ball voluntarily unlocked the door to his room and permitted the police and an agent of the F.B.I. to enter. The jacket was on a chair in the room in plain view. The officers arrested him in his room for drunkenness and resisting arrest, at about 4:30 in the afternoon of the day of the robbery. One of the officers picked up the jacket from the chair and placed it around his shoulders when he was being taken out into the cold on the way to the police station. We do not regard this as a search. United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927).

█ If what took place is regarded as a search, we think it was reasonable un-

der all the circumstances. The officers were not obliged to close their eyes to what was in plain view. They had the right to seize the jacket at the time of his arrest for intoxication. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); United States v. Baxter, 361 F.2d 116 (6th Cir. 1966).

 Alternatively, reasonable ground existed for Ball's arrest for bank robbery and the seizure of his jacket may be regarded as incident to a lawful arrest on that charge.

Affirmed.