UNITED STATES of America,
Appellee,

v.

Howard BROWN, Appellant.

No. 11101.

United States Court of Appeals
Fourth Circuit.

Argued June 20, 1967.

Decided Aug. 1, 1967.

John M. Hollis, Norfolk, Va., (Court-appointed counsel) [Hugh L. Patterson and Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., on the brief] for appellant.

James A. Oast, Jr., Asst. U. S. Atty., (C. V. Spratley, Jr., U. S. Atty., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and CRAVEN, Circuit Judges.

SOBELOFF, Circuit Judge:

Claiming that evidence obtained by an illegal search and seizure was erroneously admitted at trial, Howard Brown appeals from his conviction by a jury for robbery of a federally insured bank.

The evidence, which on appeal from a conviction is to be taken in the light most favorable to the prosecution, unfolds the following sequence of events: On the morning of August 2, 1966, Brown and an accomplice, preparatory to robbing the Grafton Branch of the First National Bank of Yorktown, secreted Brown's 1960 Cadillac on a dirt approach road to the Grafton City Dump. Both the front and rear license plates were covered with newspaper to minimize the likelihood of later identification. The two men then walked the remaining mile

to the bank and executed the crime, taking from the bank teller the keys to his car, which they then drove back to the waiting Cadillac. They abandoned the teller's car and left in the Cadillac after removing the newspaper from the license plates.

A police alert was broadcast describing a black 1960 or 1961 Cadillac, bearing out-of-state license plates partially obscured by newspaper.[1] Later in the day, Officer Pennington of the Newport News Police spotted the Cadillac moving on a street in Newport News. After observing the vehicle for several minutes, and noting that small pieces of newspaper were dangling from both the front and rear license plates, Pennington activated his siren and pulled the car over to the curb. He and a fellow officer questioned Brown and learned from him that, although he was then a New Jersey resident, he had lived in Virginia several years earlier and that his Virginia operator's license had been revoked and not restored. Thereupon, Pennington placed Brown under arrest for driving with a revoked license. Apparently, no mention was then made of the bank robbery. The car was taken to the City garage, where the scraps of paper were removed from the car. At trial, they were shown to dovetail perfectly with fragments from sheets of a Newark Evening News found on the approach road to the city dump.

Brown's court-appointed counsel made no pre-trial motion to suppress, raised no objection at trial, and offered no motion for acquittal on the ground that introduction of the pieces of newspaper violated the defendant's Fourth Amendment rights. In this court, Brown's appointed counsel, who is not the one who appeared for him at trial, requests that we notice as plain error affecting substantial rights, see Fed.R.Crim.P. 52(b), the reception of the pieces of newspaper in evidence.

We need not decide whether in other circumstances Brown would or would not be barred from questioning on appeal the admissibility of the newspaper fragments not objected to in the District Court, for we conclude on the merits that he is entitled to no relief. He contends that probable cause did not exist to arrest him for driving under revocation, and therefore that the "search" which revealed the newspaper was not incident to a lawful arrest. We think his admissions to the policemen warranted the arrest. The defendant then argues, on the assumption of the existence of probable cause, that the warrantless "search" of the automobile was unreasonable, and therefore unconstitutional, relying upon Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), and distinguishing Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).

The fatal flaw in this reasoning is that Brown has failed to establish a search of the car within the meaning of the Fourth Amendment. As we said long ago in Smith v. United States, 2 F.2d 715, 716 (4th Cir. 1924):

"A search implies some exploratory investigation. It is not a search to observe that which is open and patent, in either sunlight or artificial light."

See also Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927); Petteway v. United States, 261 F.2d 53 (4th Cir. 1958). The incriminating shreds of newspaper were conspicuous to the naked eye. Officer Pennington testified that before stopping the car he had seen the newspaper dangling from both the front and rear license plates. It was no unreasonable intrusion into a protected zone of privacy to remove the

---

1. Because counsel failed to contest the admissibility of the newspaper fragments at any point during trial, the record is sketchy concerning the chain of events surrounding the discovery of the news-

paper near the city dump. Likewise, the record was not developed in respect to the relation of this discovery to the police alert.

fragments and compare them with the newspaper discovered near the city dump, where the teller's car was found.

The judgment of the District Court is Affirmed.