**Debra R. HAMILTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58458.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 12, 1979.

**504**

Richard M. Lovelace, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Miguel J. Cervantes, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for possession of heroin. Punishment is imprisonment for four years.

In a single ground of error appellant complains that the heroin admitted into evidence at trial was the product of an unlawful arrest. We affirm.

On October 6, 1976, El Paso police officer Steve Santana, fellow officer Antonio Franco, and some other officers were engaged in surveillance of a known heroin dealer named Yolanda Garcia in the downtown area of El Paso, based on information received from an unnamed informer. The officers observed Garcia enter the Coney Island Restaurant. Shortly thereafter they observed appellant and a man named Larry Wilson enter the restaurant. The officers moved to a vantage point in front of an adjacent store, a few feet away from the restaurant. The front of the restaurant was glass; there was lettering on the glass that helped protect the officers from being seen. Through the lettering the officers could observe the activities of the patrons inside. They saw that appellant and Wilson had sat down in the same booth with Garcia. They observed appellant hand Garcia some money. Garcia in return gave appellant a balloon, which appellant placed in her mouth. From their experience in dealing with drug trafficking, the officers recognized this as a heroin transaction. When appellant and Wilson left the restaurant, the officers closed in quickly and arrested them. In spite of their efforts, appellant had time to swallow the balloon. The balloon was subsequently retrieved from appellant's stomach pursuant to a valid consent search.

The balloon was found to contain heroin, which was admitted in evidence at trial. Appellant made a motion to suppress the heroin, which motion the trial court denied. Appellant also objected at trial to the admission in evidence of the heroin.

Appellant urges that the heroin was obtained as a result of an unlawful arrest. The informer whom the officers relied on to subject Garcia to surveillance was never shown to meet the reliability requirements of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). But for the tip received from the informer, appellant argues, the officers would not have been observing Garcia and would not have witnessed the sale of heroin to appellant. It follows, according to appellant, that the reliability of the informer under *Aguilar* and *Spinelli* is critical to the determination whether the officers had probable cause to arrest appellant.

Although novel, appellant's contention is without merit. For whatever reason they happened to be where they were, the officers witnessed the transaction in plain view from a public vantage point outside the Coney Island Restaurant. As was stated in *James v. United States*, 135 U.S.App. D.C. 314, 315 footnote 1, 418 F.2d 1150, 1151, footnote 1 (D.C. Cir. 1969):

. . . The police are free to observe circumstances and evidence that are in "plain view" to the public. See *United States v. Lee*, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927); *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). . . . That the policeman

may have to crane his neck, or bend over, or squat, does not render the doctrine inapplicable, so long as what he saw would have been visible to any curious passerby. . . .

See also *United States v. Arredondo-Hernandez*, 574 F.2d 1312 (5th Cir. 1978); *United States v. Various Gambling Devices*, 478 F.2d 1194 (5th Cir. 1973); *Milligan v. State*, 554 S.W.2d 192 (Tex.Cr.App.1977); *Licerio v. State*, 456 S.W.2d 96 (Tex.Cr.App.1970). Appellant had no reasonable expectation of privacy while sitting in the restaurant. See *Green v. State*, 566 S.W.2d 578 (Tex.Cr.App. 1978). Upon observing the transaction and recognizing it as an offense, the officers were authorized to make a warrantless arrest of appellant pursuant to Article 14.01, V.A.C.C.P.

The officers' observation of appellant committing the offense did not constitute a search. Appellant's actions were open to the plain view of the officers, who had stationed themselves in a public place, and who observed nothing more than a curious passerby might have observed. Upon witnessing appellant's actions the officers had probable cause to arrest her independent of any information received from the alleged informer. Cf. *Lowery v. State*, 499 S.W.2d 160 (Tex.Cr.App.1973). Appellant's arrest was lawful.

The heroin was seized pursuant to a lawful arrest of appellant and was properly admitted in evidence.

The judgment is affirmed.

ROBERTS, J., not participating.