196 N.J. Super. 511 (1984)
483 A.2d 433
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
DANIEL MOLLER AND PATRICK REYNOLDS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1984.
Decided October 29, 1984.
*513 Before Judges DREIER and SHEBELL.
Robert C. Griffin, Assistant Prosecutor, argued the cause for appellant (John H. Stamler, Union County Prosecutor, attorney).
Blair R. Zwillman argued the cause for respondent Moller.
David B. Littman argued the cause for respondent Reynolds.
PER CURIAM.
The State appeals the granting of defendants' motions to suppress drugs and paraphernalia found in their motor vehicle.
On the evening in question Officers Szuba, Senkus and Asland heard a Linden Police radio transmission that an International Scout vehicle had possibly been involved in a narcotics transaction. The license number was given and as Officers Senkus and Asland passed the vehicle Senkus noticed that the vehicle had a "taillight out." They pulled the vehicle over and the officers approached on opposite sides of the vehicle. The defendants, appearing nervous, were asked to exit the vehicle, were shown the defective taillight, and a summons was issued.
Officer Brook arrived at the scene approximately two or three minutes after the vehicle was pulled over. He walked around the vehicle and, while remaining outside, saw on the *514 floor of the vehicle what he suspected were drugs and paraphernalia. He radioed Officer Szuba, a narcotics investigator, to come to the scene to verify his suspicions. Szuba responded approximately two minutes thereafter and with the aid of his flashlight observed what he described as "a glassine tube connected with a plastic hose, [a] small little vial with a black cap on it and a crumpled up tissue with plastic bag with a little white powder in it on the floor." He concluded the objects were "possibly cocaine" and "items used in ingesting narcotics." He thereupon seized the "suspected cocaine" and Officer Brook seized the paraphernalia. Defendants were arrested, charged, and later indicted for possession of a controlled dangerous substance in violation of N.J.S.A. 24:21-20(a)(1). The motion judge concluded as follows in suppressing the evidence:
Once having him out of the car, the officers testified I no longer was afraid; I no longer was worried about my own safety. Here is another officer that gets up, drives up because he said he's backed up. Well maybe he had a right to be there, but when he discovered the evidence it was not inadvertent. From the evidence here it is overwhelming that the second officer arrived for the sole purpose when he got there was to look into that car. He had a transmission which was either  which was totally unverified at the time but he was going to search that car. He did inadvertently pass but he specifically looked in it. I can not believe that the light was on. Here's the doors were closed, the two men were out of the car and that they  that obviously he observed it; that when he looked in it although he looked in it was not inadvertent and, therefore, I find that under State v. Bruzzese, 94 N.J. 210 at 236 and 238 that this officer clearly  this was a product of an officer who intended to make a search, intended to look in the car. It was not inadvertent. He did not meet the standards of State v. Bruzzese and I, and I therefore suppress the evidence.
We find that the motion judge improperly suppressed the evidence.
The "inadvertence prong" of the plain view exception to the warrant requirement was examined in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). It is pointed out in Coolidge that the purpose of the inadvertence requirement is to prevent the plain view exception from being used to cover warrantless seizures of objects which the police know in advance they will find in plain view and which they intend to seize. Id. at 471, 91 S.Ct. at 2040, 29 L.Ed.2d at *515 586. The Supreme Court held in Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) that where the police have only a "generalized expectation" that some of the cars stopped at a "routine checkpoint" would contain narcotics or narcotics paraphernalia that the inadvertence requirement is met so long as they do not "`know in advance the location of [certain] evidence and intend to seize it,' relying on the plain view doctrine only as a pretense." 460 U.S. at 742, 103 S.Ct. at 1543, 75 L.Ed.2d at 514 (quoting Coolidge, 403 U.S. at 470, 91 S.Ct. at 2040, 29 L.Ed.2d at 585). In State v. Bruzzese, 94 N.J. 210 (1983) our Supreme Court reversed a determination that the search was "pretextual" and found that the seizure of defendant's boots in his bedroom was reasonable. Defendant there was sought on a relatively minor matter and the police decided to go to his home to execute the warrant so that he might be questioned about a burglary. While in his room the police noticed and inspected defendant's boots which had a distinctive sole print. It was held that the constitutionality of the search and seizure was dependent upon whether the conduct of the law enforcement officer was objectively reasonable, without regard to underlying motives or intent. 94 N.J. at 219. Bruzzese requires an opposite result from that thought by the motion judge. If the requirement of inadvertence exists here we are content that it is satisfied.
Even if there were a factual basis for the motion judge's conclusion that Officer Brook arrived with a purpose of looking in the car it has no significance under Bruzzese as he did not "search." Rather he observed the evidence in plain view from his position in the public street, and thus the ultimate seizure of the evidence was reasonable. 94 N.J. at 219. Any use of a flashlight was clearly permissible. United States v. Lee, 274 U.S. 559, 563, 47 S.Ct. 746, 748, 71 L.Ed. 1202, 1204 (1927). Moreover since there was no search, the defendants' privacy was not intruded upon. The evidence was open to public view and in this limited circumstance we find no requirement of "inadvertent discovery." See 2 W. LaFave, *516 Search and Seizure, § 7.5(d) at 601-05 (1978 & Supp. 1984) (citing United States v. Sanders, 631 F.2d 1309 (8th Cir.1980), cert. den. 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1980); United States v. Bellina, 665 F.2d 1335 (4th Cir.1981)).
We reverse the order of suppression.