OPINION
The State of Ohio appeals from an order sustaining Defendant's motion to suppress evidence of a gun that police seized from inside Defendant's automobile. The trial court granted the motion on a finding that the officer's examination of the interior of the Defendant's vehicle from outside, employing the beam of a flashlight to illuminate its interior, failed to satisfy the requirements for a plain-view exception to the warrant requirement so as to permit seizure of the gun. We conclude that the examination was not a search for purposes of the Fourth Amendment for which an exception must, in the absence of a warrant, be shown. Therefore, we will reverse the suppression order and remand the case for further proceedings.
 I.
On October 11, 1999, at 3:30 a.m., Dayton police officer William Radlinger was on patrol near the intersection of Grafton and Federal streets in Dayton when he saw a white Chevy S-10 pickup truck operated by Frank Reaves turn left without signaling. Officer Radlinger initiated a traffic stop. Reaves' vehicle pulled over and stopped near Grafton and West Grand Avenue. Officer Radlinger later testified that this is a very high crime and drug activity area that has seen numerous shootings and homicides.
Immediately after Reaves' vehicle came to a stop, Officer Radlinger saw Reaves move his head, neck and shoulders downward toward the floor to the vicinity where his feet were located. The passenger in the vehicle moved over toward the passenger door. Concerned that Reaves might have concealed a weapon, Officer Radlinger called for additional police crews to assist him with the stop. Officers Matthews and Henderson arrived just as Officer Radlinger approached the vehicle.
Officer Radlinger asked Reaves for his driver's license. Reaves was unable to produce one. Officer Radlinger then asked Officer Matthews to take both Reaves and his passenger back to the police cruiser and to pat them down for weapons. Officer Radlinger stated that for safety reasons, he always issues traffic citations at his police cruiser if the driver has made furtive movements or is unable to produce identification. Typically, however, after issuing the traffic citation Officer Radlinger releases the driver and allows him to return to his vehicle if he has a valid driver's license.
Acting on his suspicion that Reaves may have hidden a weapon, Officer Radlinger shined his flashlight at an angle underneath the driver's seat while standing outside Reaves' vehicle in the open driver's doorwell. He observed the butt end and handle of a gun. According to Radlinger, the gun was not on the floor in plain view but was three inches up underneath the driver's seat. Officer Radlinger retrieved the weapon, a loaded .38 caliber revolver, and placed Reaves under arrest for carrying concealed weapons.
Frank Reaves was subsequently indicted on one count of carrying concealed weapons, R.C. 2923.12(A). Prior to trial Reaves moved to suppress the gun as evidence, arguing that it was obtained as the result of an unlawful warrantless search in violation of his Fourth Amendment rights. Following a hearing, the trial court granted Reaves' motion to suppress the evidence. The State has appealed from that decision pursuant to Crim.R. 12(J).
 II. ASSIGNMENT OF ERROR TRIAL COURT ERRED WHEN IT SUSTAINED DEFENDANT'S MOTION TO SUPPRESS WHEN THE EVIDENCE WAS SEIZED PURSUANT TO THE PLAIN VIEW EXCEPTION TO THE WARRANT REQUIREMENT.
 Searches and seizures conducted without the authority of a prior judicial warrant are unreasonable per se, and therefore illegal. Katz v. United States (1967), 389 U.S. 347. The state may, nevertheless, prove that its warrantless search was not unreasonable, and thus not illegal, if the state demonstrates that its officer acted according to one of several exceptions to the warrant requirement when the search and seizure was performed. Id.; Coolidge v. New Hampshire
(1971), 403 U.S. 443. If the state meets that burden, suppression of the evidence seized is not proper.
The State argues that because Officer Radlinger observed the gun in "plain view" from outside Reaves' vehicle, his seizure of this weapon falls within that well recognized exception to the Fourth Amendment's warrant requirement. Coolidge v. New Hampshire, supra; State v.Williams (1978), 55 Ohio St.2d 82; State v. Waddy (1992),63 Ohio St.3d 424. The requirements necessary to satisfy the plain viewdoctrine are: (1) that the initial intrusion which afforded lawenforcement authorities their observation of the item must be lawful and(2), the incriminating nature of the item must be immediately apparent.Waddy, supra. Reaves argues that, to the contrary, Officer Radlinger's own testimony at the suppression hearing demonstrates that the gun was not in plain view, but rather was concealed from view three inches up underneath the driver's seat.
The trial court found that Officer Radlinger searched Reaves' vehicle by shining his flashlight up underneath the driver's seat. Relying upon this court's decision in State v. Henderson (November 7, 1997), Montgomery App. No. 16016, unreported, the trial court held that Officer Radlinger's search could not be justified as a protective search of the vehicle for weapons necessary for the safety of the officers, stating:
 At the time Defendant's vehicle was searched, no determination had been made by Officer Radlinger, as to whether defendant would be returned to his vehicle. Defendant had been placed in the control of another officer, Officer Matthews. Officer Matthews had escorted the defendant to a cruiser.
 In this case, it is uncontroverted that Defendant, Frank Reaves, was secured in a police cruiser before and during the search of the vehicle. Thus, the contents were unquestionably outside his control, and, correspondingly, the search cannot be justified as being necessary for the police officer's protection. State v. Henderson (1997), WL691459.
Decision at p. 3.
Failure to signal when turning a corner, R.C. 4511.39, is a minor misdemeanor. Per R.C. 2935.26, an officer who charges the actor with a violation of R.C. 4511.39 must issue a citation in lieu of arrest, absent one of the conditions set out in R.C. 2935.26 that permits an arrest. R.C. 2935.26 thereby creates a presumption that, unless one of those conditions exists, the driver will return to his vehicle. So long as that presumption prevails, an officer who possesses a reasonable articulable suspicion that the driver may have concealed a weapon inside the vehicle is authorized to conduct a protective search of the vehicle for weapons. State v. Carpenter (July 14, 1995), Montgomery App. No. 14893, unreported
It is undisputed that the initial stop of Reaves' vehicle for a traffic violation was lawful. Dayton v. Erickson (1996), 76 Ohio St.3d 3.Ordering Reaves to get out of his vehicle as part of that traffic stopwas also lawful. Pennsylvania v. Mimms (1977), 434 U.S. 106; State v.Evans (1993), 67 Ohio St.3d 405. The sole issue concerns the validity of the ensuing search of Reaves' vehicle that revealed the concealed weapon.
Whatever the nature and extent of the police intrusion into the vehicles involved in both Carpenter, supra and Henderson, supra, may have been, the facts in this particular case demonstrate that the course of conduct which enabled Officer Radlinger to observe a gun underneath the front seat of Reaves' vehicle was not a "search" for Fourth Amendment purposes.
While standing outside Reaves' vehicle, in the open driver's doorwell, and without leaning inside, Officer Radlinger shined his flashlight at an angle into the interior of that vehicle, up underneath the driver's seat, whereupon he immediately recognized the butt end and handle portion of a gun. Such actions do not constitute a "search" which triggers any Fourth Amendment protections. See United States v. Lee (1927),274 U.S. 559; Texas v. Brown (1983), 460 U.S. 730; State v. Brooks
(February 4, 2000), Montgomery App. No. 17999, unreported. Therefore, the State was not required to demonstrate an exception to the warrant requirement in opposition to Reaves' motion to suppress.
Having lawfully observed the contraband from outside Reaves' vehicle, Officer Radlinger was entitled to immediately seize it. Texas v. Brown,supra; State v. Brooks, supra. The trial court erred in granting Reaves' motion to suppress the evidence.
 III. Conclusion
The assignment of error is sustained. The judgment of the trial court will be reversed and the case remanded for further proceedings consistent with this opinion.
BROGAN, J. and FAIN, J., concur.