**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard Thomas ANTHONY,**
**Defendant–Appellant.**

No. 01–2484.

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2002.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; WISEMAN, District Judge.*

Richard Thomas Anthony appeals his conviction. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

A jury convicted Anthony of one count of unlawful possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). He was sentenced to ninety-two months of imprisonment to be followed by three years of supervised release.

Following a suppression hearing, the district court found that a pistol recovered from beneath Anthony's car seat was in plain view and was observed within a reasonable time of a valid stop for a traffic violation. On appeal, Anthony argues that the district court erred by denying his motion to suppress evidence.

In reviewing a district court's ruling on a motion to suppress, findings of fact are upheld unless clearly erroneous; the district court's legal conclusions are reviewed de novo. *United States v. Diaz*, 25 F.3d 392, 394 (6th Cir.1994).

The plain view exception to the warrant requirement applies when: (1) the officer did not violate the Fourth Amendment in arriving at the place where the evidence could be plainly viewed, (2) the item is in plain view, and (3) the incriminating character of the evidence is immediately apparent. *Horton v. California*, 496 U.S. 128, 136, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). Only the first and second factors in this analysis are disputed in this case.

■ The district court did not err in finding that the traffic stop was legitimate. Although conflicting testimony was presented regarding whether Anthony was violating Michigan's seat-belt law at the time of the stop, the district court did not clearly err in choosing to credit the officers' testimony over Anthony's inconsistent testimony regarding the seat belt violation. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Once the district court determined that Anthony was not wearing his seat belt, the traffic violation

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

legitimized the stop. *Whren v. United States,* 517 U.S. 806, 812–13, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *United States v. Ferguson,* 8 F.3d 385, 391 (6th Cir.1993) (en banc).

 The record also supports the district court's finding that the pistol was in plain view. Although hidden to an observer at the driver's side of the car, undisputed testimony was presented that the pistol could be seen from the passenger side of the car through the windshield. Nothing suggests that the testifying police officer acted improperly by shining his flashlight inside Anthony's car. *United States v. Weatherspoon,* 82 F.3d 697, 699–700 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed.